appealed to the Court of Appeals, which held:

1. It is conceded in open court that if it were not for the amendment and Spiegle had not received any notice, he would be entitled to be re-instated and the company could not forfeit his policy.

2. The right of a company to change its by-laws is recognized; and had the company lived up to the amended by-law and never sent any notice it would have been within its rights.

3. By the conduct of the insurance company in sending out these notices after the amendment, they estopped themselves from claiming the right to cease sending them, without calling the attention more particularly of the members to that fact.

4. A little bad feeling on part of the representative of the Company toward Spiegle for recovering a judgment against the company under an accident policy, has an important bearing on the testimony in this case; and under the record and authorities Spiegle was entitled to be reinstated as a member of the company.

Spiegle entitled to relief prayed for.

Attorneys—Bernon, Mulligan, Keeley and LaFever for Spiegle; Tolles, Hogsett, Ginn & Morley for Company; all of Cleveland.

---

No. 815

YOUNTS v. AVON LAKE (Village)

Ohio Appeals, 9th Dist., Lorain Co.

No. 321. Decided April 17, 1925

1053. ROADS AND HIGHWAYS—A part of a public highway passing into or through a village is under care and control of state highway department and failure of village to repair such road does not make it liable for injuries caused by said road being out of repair.

Charles Younts sued Avon Lake Village in the Lorain Common Pleas, to recover damages for an injury suffered by him which he claimed was caused by the negligence of the village in failing to keep a public highway in said village in proper repair.

The village for one of its defenses averred that the highway in question was an inter-county highway, and main market road which had been improved and was being maintained by the state, and which at the time of the accident was within the control of the state highway department; and therefore it was not liable for its mere neglect to keep the highway in proper repair. The court upon motion directed a verdict in favor of the village.

Error was prosecuted and the Court of Appeals held:

1. Section 3714 GC. provides that villages "shall have care, supervision and control of public highways - - - - - within the corporation, and shall cause them to be kept open, in repair and free from nuisance."

2. Section 1193-1 GC. however, a subsequent enactment provides that when "the improvement of an inter-county highway - - - - is extended into or through a village - - - - it shall not be necessary for the village to assume any part of the cost thereof." If the village does agree to pay for a part of such improvement, then it is authorized by 1193-1 GC. to raise funds the same as it is authorized to do "for street improvements under the exclusive jurisdiction and control of the council of a village."

3. Since state roads are under the charge of the state highway department, and the duty of maintaining such highways is placed upon it, 3714 GC. is modified by this subsequent legislation and a part of a highway in a village, proceeding in accordance with such subsequent legislation, has become a state highway, is under exclusive control of the state highway department, and the village is not charged with the duty of its maintenance and repair.

4. It is reasonable to conclude that the legislature did not intend a duty should remain where the power and control necessary to the performance of that duty has been taken away. This conclusion is justified by reasoning in Weiher v. Phillips, 103 OS. 249.

5. It follows then, that the mere failure of the village to interfere with the power and control of the state highway department in maintenance of such highway, does not make it liable in damages for an injury caused by said highway being out of repair. Verdict properly directed. Judgment affirmed.

Attorneys—Chas. M. Knight, Cleveland, for Younts; Glitsch & Stack and D. B. Symons, Lorain, for Village.

---

No. 816

BASHAM v. BAKER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5643. Decided May 4, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

829. NEGLIGENCE—Court erred in charging jury that burden was on defendant to show that plaintiff was solely responsible for her injuries; and since this was a charge as to the