## No. 229

### GROVE CITY (Village) v. REAM

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1557. Decided March 5, 1927

**1053. ROADS & HIGHWAYS**—When one is injured by reason of being jolted in going over a ridge in a village street, and a verdict is returned in favor of that person, it is not a defense to the village that the street was maintained by the State Highway when the ridge was caused by an abutting lot owner who was making a connection to a village sewer. (103 OS. 249; 19 O. App. 182 Distinguished.)

**First Publication of this Opinion**

ALLREAD, J.

Mildred Ream brought suit against the Village of Grove City for an injury received through the alleged negligence of the village in failing to maintain its streets in proper condition. She was the occupant of an automobile driven by her husband and while it was being driven along the thorofare at a rate of 15 miles per hour, it passed over a ridge in the road throwing her against the top causing the injury complained of.

The ridge in the street was caused by the construction of a sewer for a private resident of Grove City, the work being under no express license or permission of the village. It had been in costruction for several days and Ream relies upon constructive notice. The trial resulted in a verdict for Ream and error proceedings were instituted to reverse the lower court.

The Court of Appeals held:

1. In view of the location of the point of the accident to the business portion of the city and from other circumstances there was sufficient evidence to charge the village with notice.

2. A serious question has been raised in this court as to the responsibility of the village under Sec. 3714 GC. which imposes upon municipalities an obligation to keep the streets of the municipality open, in repair and free from nuisance.

3. It is claimed in argument in this court that the street in question was a state highway under the control of the State and that such control relieves the village from its duties in respect to such road under Sec. 3714 GC. Weiber v. Phillips, 103 OS. 249; Yeunks v. Avon Lake (Vil.), 19 O. App. 182.

4. The question involved is, did the village in the trial court sufficiently raise the point to say that the authority of the village over the street had been superseded by the state.

5. There is no pleading expressly raising the point but we think the general denial of the answer would be sufficient. There was some testimony to the fact that it was a state highway. Prima facie, the testimony shows the location of the street within the village, that it had control over it, and especially of the exercise of abutting lot owners to construct an outlet to a sewer maintained by the village.

6. There would however be some evidence to rebut the inference above, but the testimony that it was a state highway would, in our opinion, be insufficient.

7. In the Weiber v. Phillips case the petition showed expressly that the repairs in the highway which caused the accident were being made by the State Highway Department and it was upon the basis of this averment that the case was decided.

8. In the Yeunks v. Avon Lake case the defense expressly showed that the highway was inter-county highway and that same was improved by the state before re-incorporation of the village.

9. In both of these cases the question as to whether the State Highway department was in exclusive control of the street, was directly and explicitly made by the pleadings, so that these two cases are different from the one at bar.

Judgment affirmed.

(Ferneding and Kunkle, JJ., concur.)

Attorneys—D. B. Sharp for Grove City; F. S. Monnett and E. G. Pick for Ream; all of Columbus.