## BELLARD, Admr. v. BD. CO. COMM.

Ohio Appeals, 6th Dist., Erie Co.

No. 271. Decided July 2, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1053. ROADS & HIGHWAYS.**

1. No liability on part of county commissioners, under 2108 GC., for negligence in failing to keep in repair road which has become state road within meaning of 7464 a, b, and c GC., and 7465 GC.

2. Where state highway department has made survey for purpose of improving road, necessary steps by county commissioners and state highway department have been followed, up to and including advertisement for bids for improvement, and, in surveying road, it has been cross-sectioned and stakes set by state, but no actual construction work has been done by state highway department, such road is still a county road, and commissioners are liable for negligence in failing to keep it in repair.

Error to Common Pleas.

Judgment reversed.

Allen G. Aigler, Bellevue, for Bellard, Admr.

C. E. Moyer and J. F. Hertlein, Sandusky, for Comm.

FULL TEXT.

WILLIAMS, J.

Ernest Bellard, as administrator of decedent's estate, brought an action against the Board of County Commissioners for wrongful death of the decedent, Clair Walker. Upon trial of the case, after plaintiff had adduced all of his evidence and the defendant had introduced a part of its evidence, the trial judge directed a verdict for the defendant and entered judgment thereon. Plaintiff in error, who was plaintiff below, brings this proceeding in error to reverse that judgment. It is conceded by counsel that the question as to whether or not the court below properly directed a verdict for the defendant turns upon a construction of the following sections of the General Code:

"Section 7464 (a). State roads shall include such part of the inter-county highways and main market roads as have been or may hereafter be constructed by the state, or which have been or may hereafter be taken over by the state, as provided in this act, and such roads shall be maintained by the State Highway Department.

(b). County roads shall include all roads which have been or may be improved by the county by placing brick, stone, gravel or other road building material thereon, or heretofore built by the state and not a part of the inter-county or main market system of roads, together with such roads as have been or may be constructed by the township trustees to conform to the standards for county roads as fixed by the county commissioners, and all such roads shall be maintained by the county commissioners.

(c). Township roads shall include all public highways of the state other than state or county roads as hereinbefore defined, and the trustees of each township shall maintain all such roads within their respective townships; and provided further, that the county commissioners shall have full power and authority to assist the township trustees in maintaining all such roads, but nothing herein shall prevent the township trustees from improving any road within their respective townships, except as otherwise provided in this act.

Section 7465. How main market and inter-county roads constructed, that same may become state roads. - - In all cases where a county or township has constructed or improved any main market or inter-county road, the state highway commissioner, upon request, shall within sixty days indicate what changes, or improvements, will be required in said road in order to bring the same up to the approved standard of construction of such roads, or in any case where such road is about to be constructed, reconstructed, or improved, the state highway commissioner shall upon application, indicate within sixty days what changes will be required

in the plans and specifications therefor, to bring said road up to the standard required by the state for the construction of inter-county highways and main market roads. Whenever the changes so specified by the state highway commissioner have been made, or when such roads have been constructed according to the plans and specifications so approved by the state highway commissioner, such roads shall at once become state roads.

If, at the date of the accident, the part of the road where the accident happened was a state road, the verdict was properly directed, and if it was a county road at that time, the court below erred in directing the verdict.

The undisputed evidence shows the decedent on the 9th of March, 1926, was riding in the back seat of an automobile with three other persons, in the night time, on Section B-1 of inter-county highway No. 521. The highway at this point was rough and filled with holes and as the automobile, going in a northerly direction, suddenly came upon this portion of the highway, the driver, due to the holes and slippery condition of the highway, lost control of his automobile and it turned over, killing the decedent, who was riding therein as a guest. Prior to the time of the accident the state highway department had made a survey of Section B-1 for the purpose of improving the same, and the necessary steps required to be taken by the Board of County Commissioners and the state highway department had been followed, up to and including an advertisement for bids for the improvement of the section. In surveying the section of the road in question it had been cross-sectioned and stakes set by the state. No actual construction work was done by the state highway department on this section until after April 1, 1926.

Under GC., Section 2408, the Board of County Commissioners is made liable in an official capacity for damages received by reason of its negligence in not keeping in proper repair a state or county road, established by such board in its county. Since the enactment of that section, however, the sections quoted at length above imposed the duty to care for the state road upon the state, and there could thereby be no liability on the part of the Board of County Commissioners under Section 2408, GC., for negligence in failing to keep in repair a road which has become a state road within the meaning of the quoted sections of the General Code. Weiher v. Phillips, 103 Ohio St., 249; Younts v. Avon Lake, 19 Ohio App., 182.

We think the language of the quoted provisions is clear and unequivocal and that the steps which had been taken as shown by the present record did not make the section of the road in question a state road. We think that the state of the record is such as would warrant the trial court in instructing the jury that the section of the road in question was a county road as a matter of law.

An examination of the record shows that there was evidence tending to show that the defendant was guilty of actionable negligence and that the evidence adduced on behalf of the plaintiff does not give rise to a presumption of contributory negligence.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

(Richards and Lloyd, JJ., concur.)